IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ODI LUKE-SANCHEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>Civil Case No. 2:08-CV-442 TS<br><br>Criminal Case No. 2:05-CR-205 TS |

This matter is before the Court on Petitioner's Motion to Vacate Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (§ 2255 Motion).[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1]Case No. 2:08-CV-442 TS, Docket No. 1.

1

I.  BACKGROUND

On March 30, 2005, Petitioner and others were charged in a three-count Indictment.[2] Defendant was arraigned on April 1, 2005, at which time Steven McCaughey was appointed as counsel for Petitioner.[3] Petitioner later retained new counsel—Robert Archuleta—and Mr. McCaughey was allowed to withdraw.  Raising various complaints, Petitioner then sought to fire Mr. Archuleta[4] and Mr. Archuleta likewise sought to withdraw as counsel.[5] Mr. Archuleta was allowed to withdraw and Mr. McCaughey was re-appointed as Petitioner's counsel.[6]

Petitioner began a three-day jury trial on March 1, 2006.  On the first day of trial, Petitioner again sought new counsel.[7] Petitioner's request for new counsel contained many of the same complaints about Mr. McCaughey that Petitioner had raised about Mr. Archuleta.  After considering the request, the Court denied Petitioner's motion[8] and proceeded to trial as scheduled.  On March 3, 2006, Defendant was found guilty on all three counts.[9] Petitioner was sentenced to 295 months imprisonment to be followed by 60 months of supervised release.[10]

---

[2]Case No. 2:05-CR-205 TS, Docket No. 1.

[3]Case No. 2:05-CR-205 TS, Docket No. 3.

[4]Case No. 2:05-CR-205 TS, Docket No. 67.

[5]Case No. 2:05-CR-205 TS, Docket No. 64.

[6]Case No. 2:05-CR-205 TS, Docket No. 65.

[7]Case No. 2:05-CR-205 TS, Docket Nos. 92 and 93.

[8]Case No. 2:05-CR-205 TS, Docket No. 94.

[9]Case No. 2:05-CR-205 TS, Docket No. 104.

[10]Case No. 2:05-CR-205 TS, Docket No. 124.

Petitioner filed a direct appeal on June 7, 2006.[11]  Petitioner's conviction was affirmed on April 17, 2007.[12]  Petitioner timely filed the instant Motion on June 4, 2008.  The government responded to the Motion on July 1, 2008.[13]

## II. DISCUSSION

Petitioner raises a number of arguments relating to ineffective assistance of counsel. Petitioner argues that his counsel was ineffective because he failed to interview all witnesses, failed to request certain hearings, failed to review all evidence, failed to discuss a possible plea offer, failed to undertake appeal arguments requested by Petitioner, and failed to provide him certain paperwork.  Additionally, Petitioner claims he was denied ineffective assistance of counsel because of an irreconcilable conflict with his appointed attorney.  The Court will address each issue separately.

A.   INEFFECTIVE ASSISTANCE STANDARD

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[14]

---

[11] Case No. 2:05-CR-205 TS, Docket No. 125.

[12] *United States v. Luke-Sanchez*, 483 F.3d 703 (10th Cir. 2007).

[13] Petitioner has moved for default judgment arguing that the government has failed to respond.  As set forth above, however, the government has responded.  As a result, and because of the Court's ruling on Petitioner's claims, his Motion for Default Judgment will be denied as moot.

[14] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

3

To successfully claim ineffective assistance then, Petitioner must show two things: First, that Counsel functioned deficiently.[15] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[16] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[17] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[18] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[19]

A court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[20] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[21] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[22]

---

[15] *Strickland*, 466 U.S. at 687.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[21] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[22] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

B.     ANALYSIS

   1.     *Failure to Investigate*

Petitioner claims that counsel was ineffective for failing to conduct complete interviews of all witnesses and failure to review all of the evidence. Petitioner fails to identify which witnesses counsel failed to completely interview or which evidence counsel failed to review. As a result, there is simply nothing to suggest that counsel's efforts fell below an objective standard of reasonableness.

Having reviewed the record, the Court finds that counsel was indeed heavily involved in the investigation of this case. In the underlying criminal case, the Court noted that counsel represented that he met with Defendant on multiple occasions to discuss his case, interviewed witnesses in both Utah and California, took various steps in anticipation of trial, and filed a motion to dismiss.[23] Based on these items, the Court cannot find that Petitioner's counsel was ineffective for any failure to investigate. Additionally, Petitioner has failed to explain how these alleged failures would have had a reasonable probability of affecting the outcome of the case.

   2.     *Failure to Request Hearing*

Petitioner next argues that his counsel was ineffective for failing to request a hearing pursuant to *Franks v. Delaware*.[24] In *Franks*, the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth

---

[23]*See* Docket No. 94, at 2–3.

[24]438 U.S. 154 (1978).

Amendment requires that a hearing be held at the defendant's request."[25] Petitioner has failed to show that a false statement was deliberately or recklessly included in a warrant affidavit and that it would have been material to a finding of probable cause. As a result, Petitioner has failed to show that counsel's performance was deficient and that he suffered prejudice from counsel's failure to request a *Franks* hearing.

Petitioner also argues that his counsel was ineffective for failing to request a Jenks hearing. The Court construes this as an argument that counsel failed to request a hearing for materials under the Jenks Act.[26] Petitioner has presented no evidence that any Jenks Act materials were not disclosed. Thus, the Court cannot find that Petitioner's counsel's performance was deficient in failing to request a hearing for Jenks Act materials or that Petitioner suffered any prejudice.

### 3. Failure to Discuss Plea Offer

Petitioner next contends that his counsel was ineffective because he failed to adequately discuss a plea offer with him. Petitioner states that he does not know the details of the plea offer, but guesses that it could have resulted in a lesser sentence than the one imposed by the Court.

In order to prevail on this claim, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was so prejudicial there is a reasonable probability that, but for his unprofessional errors, the result of the proceeding would have been different.[27] "With respect to the first part, effective assistance of

---

[25]*Id*. at 155–56.

[26]18 U.S.C. § 3500.

[27]*United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

counsel includes counsel's informed opinion as to what pleas should be entered."[28]  "As for the prejudice prong, there must be a reasonable probability that but for incompetent counsel a defendant would have accepted the plea offer and pleaded guilty."[29]

Here, Petitioner's description of the supposed plea offer is vague and unspecified.  From this, the Court cannot conclude that Petitioner has overcome the presumption that counsel made sound strategic decisions and that counsel's conduct fell within the wide range of reasonable professional assistance.[30]  Even if Petitioner were to show that his counsel's performance was deficient, Petitioner cannot show prejudice.  There is nothing to suggest that Petitioner would have accepted any plea agreement offered by the government.  A bald assertion that Petitioner would have accepted such an agreement is insufficient to justify relief.[31]

    4.    *Failure to Undertake Arguments on Appeal*

Petitioner argues that his counsel was ineffective because he refused to undertake arguments on appeal as requested by Petitioner.  The Court applies the same *Strickland* standard in assessing the effectiveness of appellate counsel.[32]

> A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel need not (and should not) raise every

---

[28] *Id.*

[29] *Id.*

[30] *United States v. Torres*, 25 Fed.Appx. 797, 801 (10th Cir. 2002).

[31] *United States v. Martinez*, No. 07-1207, 2008 WL 1844062 (10th Cir. Apr. 25, 2008). *See also United States v. Morris*, 106 Fed.Appx. 656, 659 (10th Cir. 2004) ("[Petitioner's] subjective and self-serving statements are insufficient to show a reasonable probability that, but for alleged counsel's errors, he would have pled guilty.").

[32] *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

> non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. Thus, in analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, we look to the merits of the omitted issue, generally in relation to the other arguments counsel did pursue. If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.[33]

"The fact that [Petitioner's] attorney may have decided to make the exact arguments that [Petitioner] desired, standing alone, would not demonstrate that the attorney's decisions were so completely unreasonable as to constitute ineffective assistance."[34]

Petitioner has failed to cite to any meritorious claims that counsel failed to present on appeal. At most, the Court can conclude that appellate counsel did not make all of the arguments Petitioner desired. This is not sufficient. Thus, the Court cannot find that Petitioner has shown that counsel's performance was deficient on appeal or that Petitioner was prejudiced by that performance.

    5.    *Failure to Provide Paperwork*

Petitioner's next claim is that his counsel has failed to send him paperwork related to the case. As a general matter, "there is no constitutional duty to share discovery documents with petitioner. Petitioner cites no case law for this proposition, and the court finds none."[35] While

---

[33]*Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (quotation marks and citations omitted).

[34]*United States v. Prows*, No. 06-4298, 2008 WL 2230691, *2 (10th Cir. June 2, 2008).

[35]*Carillo v. United States*, 995 F.Supp. 587, 591 (D. VI 1998).

Petitioner has the right to participate in the making of decisions fundamental to his defense, he has failed to show that access to the undefined paperwork was fundamental to his defense.[36]

Here, Petitioner does not indicate what paperwork counsel has failed to provide.  Further, Petitioner has failed to show how counsel's failure to provide this paperwork has prejudiced him or how access to that paperwork would have changed the outcome of his case.  Therefore, the Court cannot find that Petitioner has shown that counsel's performance was deficient or that Petitioner was prejudiced by that performance.

      6.    *Irreconcilable Conflict*

Petitioner's final contention is that he was denied effective assistance of counsel because of an irreconcilable conflict with his appointed counsel.[37]  As noted above, Mr. McCaughey was originally appointed to represent Petitioner.  Petitioner then retained counsel and Mr. McCaughey withdrew from his representation of Petitioner.  Petitioner then fired his retained counsel.  At that point, Mr. McCaughey was re-appointed.  Petitioner claims that the Court's decision to re-appoint Mr. McCaughey created a conflict because Mr. McCaughey did not want to represent Petitioner.

---

[36] *See Ramsden v. Warden, Dep't of Corrections*, No. 02-138-B-S, 2003 WL 356031, at *10 (D. Me. Feb. 14, 2003).

[37] To the extent that Petitioner is challenging the Court's ruling denying his motion for new counsel, Docket No. 94, that claim is procedurally barred because Petitioner failed to raise this issue on appeal and has failed to show either cause excusing the procedural default and prejudice resulting from the error, or that failure to consider the argument will result in a fundamental miscarriage of justice.  *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004).

The Tenth Circuit has recognized that "[a] complete breakdown in communication between an attorney and client may give rise to [a presumption of ineffectiveness]."[38] In determining whether a complete breakdown in communication rendered Petitioner's representation constitutionally ineffective, the Court considers the following factors: (1) whether Petitioner made a timely motion requesting new counsel; (2) whether the trial court adequately inquired into the matter; (3) whether the conflict between the Petitioner and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) whether the defendant substantially and unjustifiably contributed to the breakdown in communication.[39]

Considering these factors, the Court cannot find that a complete breakdown in communication rendered Petitioner's representation constitutionally ineffective. Considering the first two factors, Petitioner timely filed a motion seeking new counsel[40] and the Court adequately inquired into the matter.[41] Turning to the third factor, the Court cannot find that the conflict resulted in a total lack of communication preventing an adequate defense. Indeed, Petitioner's counsel engaged in a vigorous defense of this case both before and after Petitioner filed his motion seeking new counsel, as well as on appeal. Finally, there is evidence to suggest that Petitioner substantially and unjustifiably contributed to any breakdown in communication. Petitioner engaged in a pattern of activity where he continually sought new counsel because he

---

[38] *United States v. Soto Hernandez*, 849 F.2d 1325, 1328 (10th Cir. 1988).

[39] *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000).

[40] Docket Nos. 92 and 93.

[41] Docket No. 94.

disagreed with the advice of his current counsel. Based on the above, the Court cannot find that a complete breakdown in communication occurred rendering Petitioner's representation constitutionally ineffective.

## III.  CONCLUSION

It is therefore

ORDERED that Petition's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in Civil Case No. 2:08-CV-442 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that Petitioner's Motion for Default Judgment (Docket No. 8 in Civil Case No. 2:08-CV-442 TS) is DENIED AS MOOT.

The clerk of the court is directed to close this case forthwith.

DATED   September 3, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge